# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class ETHAN M. CRAIG**
**United States Army, Appellant**

ARMY 20170320

Headquarters, 21st Theater Sustainment Command
David H. Robertson, Military Judge (trial)
Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Captain Joshua B. Fix, JA (on brief).

For Appellee:  No response filed.

18 May 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

CAMPANELLA, Senior Judge:

In this case we hold that even if the military judge erred in admitting certain sentencing evidence, there was no prejudice to appellant's substantial rights.

A military judge sitting as a special court-martial, convicted appellant, pursuant to his pleas, of two specifications of disobeying his superior commissioned officer, one specification of drunken operation of a motor vehicle, one specification of assault consummated by battery, and one specification of disorderly conduct, in violation of Articles 90, 111, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 911, 928, 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for six months. Pursuant to a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge and confinement for five months.

This case is before the court for review under Article 66, UCMJ.  The government has failed to respond to appellant's brief in a timely fashion.  Appellant raises one assignment of error, which merits brief discussion, but no relief.

## BACKGROUND

In 2016, appellant dated a nineteen-year-old German national, AH, for less than a year. In October of that year, a verbal altercation in public resulted in the German police being called and because appellant was found to be drunk at the time, his commander enrolled appellant in the Army Substance Abuse Program (ASAP) and ordered him not to drink alcohol.

Less than two months later, appellant violated his commander's order and drank alcohol while at a bar with AH. As they exited a taxi to come onto the installation, appellant pushed AH. While AH was crying and saying she wanted to go home, appellant pulled her in the direction he wanted to go until a non-commissioned officer intervened and flagged down the military police.

Appellant's chain of command ordered him to refrain from any contact with AH, but he repeatedly violated the order such that AH's family was compelled to involve German family court to obtain a restraining order against appellant.

In March 2017, appellant was driving while drunk with a passenger in the vehicle and hit a concrete barrier. The vehicle was totaled. Appellant denied being the driver, but an eyewitness saw appellant driving the vehicle.

## LAW AND ANALYSIS

When defense objects to the admission of evidence, we first consider whether the judge abused his or her discretion by admitting the evidence. *United States v. Clayton*, 67 M.J. 283, 286 (C.A.A.F. 2009). If so, the government bears the burden to convince the appellate court that admission of the evidence was harmless. *See, e.g., United States v. Pablo*, 53 M.J. 356, 359 (C.A.A.F. 2000) (citing *United States v. Pollard*, 38 M.J. 41, 52 (C.M.A. 1993)). We evaluate prejudice from an erroneous admission or exclusion of evidence during sentencing by assessing whether the error substantially influenced the adjudged sentence. *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005) (citations omitted). If it substantially influenced the adjudged sentence, then the result is material prejudice to appellant's substantial rights. *Id.* (citing UCMJ art. 59(a)). As such, we consider: 1) the probative value and weight of the evidence; 2) the importance of the evidence in light of other sentencing considerations; 3) the danger of unfair prejudice resulting from the evidentiary ruling; and 4) the sentence actually imposed, compared to the maximum and to the sentence the trial counsel argued for. *Griggs* 61 M.J. at 413 (Crawford, J. dissenting) (citing *United States v. Saferite*, 59 M.J. 270, 274-75 (C.A.A.F. 2004)).

Appellant asserts the military judge erred by admitting evidence of appellant's poor duty performance, alleged uncharged misconduct, and other improper sentencing evidence over defense counsel's objection. Specifically, appellant takes

issue with the "admission of voluminous erroneous testimony," including: how witnesses would rank appellant against other soldiers and his duty performance, that appellant would miss his ASAP meetings, the burdens on the command, and the ineffectiveness of various rehabilitative strategies. Due to the government's failure to file a timely response, we are left without the benefit of government counsel's argument on this assigned error. Accordingly, we now decide this case based on the record of trial before us and appellant's brief.

Assuming the military judge erred in admitting such evidence, we find the error harmless as it did not materially prejudice appellant's rights. Appellant pleaded guilty to a pattern of serious misconduct from early December 2016 to mid-March 2017. This included assaulting AH while intoxicated, violating a military no-contact order meant to protect his victim, violating an order not to drink alcohol, and driving while drunk with a passenger in the vehicle. Given the aggravating nature of the offenses, we are confident that the admission of the alleged improper evidence, as asserted by appellant, played little role in the military judge's sentencing decision. Appellant's sentence to confinement was less than half of the jurisdictional maximum of appellant's special court-martial. We are also confident that based on the gravamen of appellant's misconduct the military judge would have sentenced appellant to at least the approved sentence of a bad-conduct discharge and five months of confinement even without the government's assumedly improper presentencing case.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Judge SALUSSOLIA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3